UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANTHONY LYNCH,<br><br>                 Plaintiff,<br><br>v.<br><br>KEVIN BURNETT, et al.,<br><br>                 Defendants. | Case No.: 18-cv-01677-DMS (JLB)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTIONS TO JOIN PARTIES**<br><br>**[ECF Nos. 58, 77]** |

Before the Court are two motions, substantively duplicative, to join parties filed by Plaintiff Paul Anthony Lynch ("Plaintiff"). (ECF Nos. 58, 77.) Defendant James Burnett ("Defendant" or "Burnett") opposes (ECF Nos. 61, 78). Pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.3 of the Local Rules of Practice for the United States District Court for the Southern District of California, this Report and Recommendation is submitted to United States District Judge Dana M. Sabraw. Upon review of the pleadings and for the reasons discussed below, the Court respectfully **RECOMMENDS** that the motions to join parties be **GRANTED**.[1]

---

[1] Although Plaintiff's second motion was untimely, the relief requested therein is identical. Accordingly, as the Court recommends granting the initial motion, for all practical purposes, it also recommends granting the late-filed second motion.

1

## I. BACKGROUND

### A. Factual Background

Plaintiff is a *pro se* prisoner proceeding *in forma pauperis* ("IFP") currently residing at California State Prison, Sacramento. (ECF Nos. 1, 3.) The following facts are taken from Plaintiff's Second Amended Complaint ("SAC") (ECF No. 27), which is the operative complaint in this case:

On August 8, 2017, Matthew Botkin ("Botkin"), a Sergeant with the San Diego Police Department ("SDPD"), arrived at Plaintiff's private residence in San Diego, California and requested that Plaintiff come outside and speak with him regarding a crime that had happened down the street at a neighbor's house. (*Id.* at 3.) Plaintiff asked if she was a suspect and Botkin responded, "Yes, you are a suspect." (*Id.*) Plaintiff responded that she had not done anything wrong, she had not broken the law, and she was not willing to speak with Botkin. (*Id.*) Botkin then stated, "Bring your faggot ass out of your house or we will come in your house and drag your faggot ass out." (*Id.*)

Plaintiff, a transgender male,[2] stayed in her house as she feared for her life. (*Id.*) As more SDPD officers arrived, Plaintiff became more fearful that the officers would kill her or commit bodily injury to her person. (*Id.*) Burnett, an SDPD detective, also arrived at Plaintiff's house and started speaking to her. (*Id.*) During the conversation, Plaintiff heard her back door open and saw Zachary Pfannenstiel ("Pfannenstiel"), an SDPD police officer, along with other SDPD officers, running through her kitchen. (*Id.*)

As they came running through the kitchen, Plaintiff exited her home into her front yard with her hands in the air. (*Id.*) As Plaintiff exited, Burnett was standing right there. (*Id.*) Plaintiff yelled, "Burnett, don't let them hurt me." (*Id.* at 3–4.) Following Burnett's directions, Plaintiff walked quickly towards Burnett with her hands in the air. (*Id.* at 4.) Burnett then grabbed Plaintiff's right arm and held it, allowing Botkin to grab Plaintiff

---

[2] In her SAC, Plaintiff identifies herself as a transgender male. (SAC at 3.) Plaintiff uses female pronouns when referring to herself, so the Court does the same.

from the back, pull her hair, yank her neck back, and place his thumb into her carotid artery. (*Id.*) Botkin's actions cut off Plaintiff's blood supply to her brain, which knocked her out while she was standing in an upright position and caused her to fall face forward onto the hot pavement. (*Id.*) The fall caused Plaintiff injuries to her face, knees, and feet. (*Id.*)

Plaintiff was not a threat to the officers or Burnett. (*Id.*) She exited her home with her hands in the air and surrendered to Burnett. (*Id.*) Plaintiff had no weapons and was wearing a white blouse, panties, and a pair of open-toe high heels at the time she exited her home. (*Id.*) Burnett had control of the situation, but he chose to hold Plaintiff while Botkin grabbed her and placed a carotid hold. (*Id.*) Burnett failed to stop Botkin from "attempting to kill" Plaintiff. (*Id.*) Instead, Burnett elected to allow Botkin "to attempt to kill [Plaintiff] due to [her] gender association." (*Id.*) Based on the foregoing, Plaintiff claims that Burnett violated her Fourth Amendment right to be free from cruel and unusual punishment. (*Id.* at 3–4.)

### B.  Procedural Background

Plaintiff commenced this civil rights action under 42 U.S.C. § 1983 on July 23, 2018, against Kevin Burnett and John Doe 1, John Doe 2, and John Doe 3. (ECF No. 1.) On November 2, 2018, Plaintiff filed a First Amended Complaint ("FAC") against Botkin, Pfannenstiel, Burnett,[3] and Christian Sharp ("Sharp"). (ECF No. 5.) Defendants moved to dismiss Plaintiff's FAC on December 19, 2018. (ECF No. 12.)

On June 20, 2019, the undersigned issued a report and recommendation, recommending that Defendants' motion to dismiss be granted in part and denied in part. (ECF No. 23.) On July 22, 2019, Judge Sabraw adopted the report and recommendation. (ECF No. 25.) Following Judge Sabraw's order, the only remaining claim in the FAC was Plaintiff's excessive force claim against Botkin arising under the Fourth Amendment.

---

[3]  Plaintiff erroneously identified James Burnett as Kevin Burnett in her initial complaint and corrected this error in her FAC. (*See* ECF No. 69 at 5.)

Plaintiff was given leave to file a Second Amended Complaint on or before August 20, 2019.  (*Id.* at 2.)

On August 5, 2019, Plaintiff filed her SAC against Burnett only, alleging a violation of Plaintiff's Fourth Amendment right to be free from cruel and unusual punishment.  (ECF No. 27.)  Burnett moved to dismiss Plaintiff's SAC on August 19, 2019.  (ECF. No. 28.)  On October 29, 2019, the undersigned issued a report and recommendation, recommending that Burnett's motion to dismiss be denied.  (ECF No. 32.)  On February 3, 2020, Judge Sabraw adopted the report and recommendation.  (ECF No. 39.)  Following Judge Sabraw's order, the only remaining claim in this case was Plaintiff's Fourth Amendment excessive force claim against Burnett.

On February 26, 2020, Plaintiff filed a motion to reconsider, arguing that she was under the impression Botkin would remain a defendant in the case, despite his not being mentioned in the SAC, because she listed his name as a defendant in her FAC.  (*See* ECF Nos. 38, 46, 47.)  The same day, Judge Sabraw affirmed the adoption of the report and recommendation, stating, "[i]t is well established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent."  (ECF No. 47 at 2 (quoting *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)).  Accordingly, the only claim presently before the Court in the operative SAC is Plaintiff's Fourth Amendment excessive force claim against Burnett.

The Court issued a scheduling order on February 21, 2020, requiring that any motion to join other parties, to amend the pleadings, or to file additional pleadings be filed on or before March 23, 2020.  (ECF No. 44 at ¶ 4.)  On March 23, 2020, Plaintiff constructively filed a motion to join parties (ECF No. 58), by which Plaintiff seeks to amend her SAC to add Botkin along with two previously unnamed parties: SDPD officers David Judge ("Judge") and Casey Moss ("Moss").  (*Id.*)  On April 27, 2020, Defendants filed an opposition to Plaintiff's motion (ECF No. 61), and Plaintiff thereafter filed a reply (ECF No. 69).  Plaintiff filed a substantively duplicative motion to join parties on or about August 14, 2020 (ECF No. 77), which Defendant similarly opposed (ECF No. 78).

## II. LEGAL STANDARD

After a party has amended a pleading once as a matter of course, the Federal Rules of Civil Procedure permit the party to further amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Leave should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC*, 316 F.3d at 1051 (internal quotation marks and citations omitted). When considering whether to grant leave to amend, a district court should consider the *Foman* factors, which include: "undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Of the *Foman* factors, prejudice to the opposing party carries the most weight." *Id.* (citing *Eminence Capital, LLC*, 316 F.3d at 1052). "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC*, 316 F.3d at 1052 (internal quotation marks and citations omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

District courts have broad discretion to deny leave to amend when the plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

## III. DISCUSSION

### A. Plaintiff's Initial Motion is Timely

As an initial matter, Defendant contends that Plaintiff failed to meet the March 23, 2020 deadline established by the Court's scheduling order to file a "motion to

join other parties, to amend the pleadings, or to file additional pleadings." (*See* ECF Nos. 44 at ¶ 4; 61 at 5.) For the following reasons, the Court disagrees.

As Plaintiff is proceeding in this case as a *pro se* prisoner, the mailbox rule applies to Plaintiff's filings. *See Douglas v. Noelle*, 567 F.3d 1103, 1106–09 (9th Cir. 2009) (extending the *Houston* mailbox rule to § 1983 suits filed by *pro se* prisoners, whereby *pro se* prisoner court filings are deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk). Here, Plaintiff signed and dated the proof of service for her initial motion on March 23, 2020 and provided a photocopy of the envelope in which her motion was sent, also postmarked March 23, 2020. (*See* ECF No. 58 at 4, 6.) That is sufficient to comply with the constructive filing rule of *Houston*. *See Douglas*, 567 F.3d at 1108–09. Accordingly, the Court finds that Plaintiff timely filed a motion to join parties in compliance with the scheduling order. The Court will address this motion below.

### B.  Plaintiff's Proposed Amendment

Plaintiff seeks leave to join Botkin and SDPD officers Judge and Moss to this case. (ECF No. 58 at 1.) Although Plaintiff does not explicitly seek leave to file a Third Amended Complaint, that is, for all practical purposes, what she is requesting in her motion.[4] Plaintiff seeks leave to add Botkin, Judge, and Moss to this case based on the following allegations:

> On August 8, 2017, San Diego Police Sergeant Matthew Botkin attempted to kill Plaintiff by placing Plaintiff [] in a carotid hold, cutting off her blood supply to her brain which knocked her out unconscious while she was standing up in a[n] "upright" position, causing her to fall face forward into the "hot pavement" causing injuries to her face, knees, and feet.

---

[4]  As such, pursuant to Civil Local Rule 15.1, Plaintiff was required to file a proposed amended complaint with her motion. *See* CivLR 15.1(b). Plaintiff failed to do so. However, Plaintiff has provided sufficient additional facts in her motion for the Court to evaluate Plaintiff's proposed amendment.

>Furthermore, San Diego Police Officer David Judge, utilized excessive force on an "unconscious" transgender citizen who was not resisting by placing his left knee on [Plaintiff]'s back while she was unconscious from the brutal attack of [] Botkin.  Furthermore, San Diego Police Officer Casey Moss utilized excessive force on an "unconscious" transgender citizen who was not resisting by using physical strength to apply pressure to the back of [Plaintiff]'s calves while she was "unconscious," from the brutal attack of [Botkin].

(ECF No. 58 at 2.)[5]

**C.     Analysis**

      1.     <u>Botkin</u>

The Court finds it appropriate to grant Plaintiff leave to file a Third Amended Complaint naming Botkin as a defendant.  Botkin was clearly John Doe 1 in the initial complaint[6] and was subsequently named in the FAC.  (*See* ECF Nos. 1, 5.)  As such, there is no prejudice to Defendant by adding Botkin back into this case.  Defendant has been on notice since the outset of this case that Botkin was an intended defendant, and any failure to add him to the SAC was simply a pleading error by a *pro se* plaintiff and not for the purpose of causing undue delay or done with a bad faith or dilatory motive.

Moreover, such an amendment would not be futile as this Court previously determined that Plaintiff could plausibly state an excessive force claim against Botkin based on the incident at issue in the SAC.  (*See* ECF Nos. 23, 25.)  For these reasons, the

---

[5]     Plaintiff stated in her motion that she would be filing a separate complaint in a new case naming Botkin, Judge, and Moss as defendants.  (*Id.* at 3.)  On March 10, 2020, Plaintiff did so, but the complaint was dismissed pursuant to 28 U.S.C. § 1915A(b)(1) because it was duplicative of the present action.  *See* Order Dismissing Civil Action Pursuant to 28 U.S.C. § 1915A(b)(1), *Lynch v. Botkin, et al.*, No. 20-cv-00460-MMA (KSC) (S.D. Cal. April 2, 2020), ECF No. 6.

[6]     A comparison of the initial complaint and the FAC indicates that Botkin was John Doe 1 (although occasionally referred to as John Doe 2). (*Compare* ECF No. 1 *with* ECF No. 5.)  The comparison further indicates that Pfannenstiel was John Doe 2 and Sharp was John Doe 3.  (*See id.*)  Plaintiff confirms this in her reply.  (*See* ECF No. 69 at 5.)

Court **RECOMMENDS** that Plaintiff be given leave to file a Third Amended Complaint adding Botkin back in as a defendant.

2. <u>Moss and Judge</u>

Defendant argues that Plaintiff should not be permitted to amend the SAC to add Judge and Moss as defendants, as such claims are time-barred and, therefore, futile. (*See* ECF No. 61 at 6–7.) The Court addresses Defendant's argument below.

a. *Legal Standard—Statute of Limitations*

Section 1983 does not contain its own statute of limitations. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). When, as here, a federal civil rights statute does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts. *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Therefore, California's two-year statute of limitations for personal injury actions governs Plaintiff's § 1983 claims. *See Butler*, 766 F.3d at 1198 (citing Cal. Civ. Proc. Code § 335.1).

When borrowing a state statute of limitations for a federal cause of action, federal courts "borrow no more than necessary." *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) (quoting *West v. Conrail*, 481 U.S. 35, 39 (1987)). Accordingly, although California law determines the *length* of the limitations period, federal law determines *when* a § 1983 claim accrues. *Lukovsky*, 535 F.3d at 1048 (citing *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004)). "Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lukovsky*, 535 F.3d at 1048 (quoting *Olsen*, 363 F.3d at 926).

The Ninth Circuit has interpreted the term injury "with some flexibility, and held that a claim accrues not just when the plaintiff experiences the injury, but when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (internal quotation marks and citations omitted). However, a claim "accrues

8

18-cv-01677-DMS (JLB)

when the plaintiff learns of the 'actual injury,' . . . and not when the plaintiff suspects a 'legal wrong.'" *Coppinger-Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010) (citing *Lukovsky*, 535 F.3d at 1049–51).

                b.    *Analysis—Statute of Limitations*

Here, the alleged injuries[7] occurred on August 8, 2017, when Judge and Moss allegedly "committed excessive force on an unarmed, no[n] resisting, unconscious 'transgender' citizen." (ECF Nos. 58 at 2; 69 at 2.) However, based on the information before the Court, Plaintiff did not know or have reason to know of the injuries allegedly inflicted by Judge or Moss prior to February 2020. (*See* ECF No. 69 at 3, 6.) Plaintiff contends she was unconscious at the time of the alleged injuries. (ECF No. 58 at 2.) Plaintiff further claims she had no knowledge of the injuries or their source—Judge and Moss—until she received certain police reports regarding the incident through discovery in February 2020. (ECF Nos. 58 at 2–3; 69 at 6.) Through these police reports, Plaintiff learned of her actual injuries for the first time. (*See id.*) Prior to February 2020, Plaintiff had no reason to know or suspect that, while unconscious, Judge and Moss violated Plaintiff's right to be free from excessive force. Had Plaintiff obtained the police reports earlier regarding Judge and Moss, she claims she would have "named them in her complaint" or her FAC, where Plaintiff identified John Doe 1, John Doe 2, and John Doe 3 as Botkin, Pfannenstiel, and Sharp, respectively, and corrected Burnett's name from Kevin to James. (ECF Nos. 5 at 2; 69 at 5.)

Based on the foregoing, the Court finds that Plaintiff has alleged facts that, taken as true, support claims that arguably accrued in February 2020. Defendant cannot, at this stage of the proceedings, establish those claim fall outside the statute of limitations.

---

[7]    Plaintiff does not specify any physical injury caused by Judge or Moss. However, to establish a § 1983 excessive force claim, the injury itself need not be physical. *See Robinson v. Solano County*, 278 F.3d 1007, 1014–15 (9th Cir. 2002) (holding that officers' use of firearms at close range, pointed at unarmed misdemeanor suspect's head, was excessive force).

Because Plaintiff filed her motion to join Judge and Moss to this case on March 23, 2020, just over a month after her claims arguably accrued, Plaintiff's claims may be timely filed.

As Defendant advances no other arguments for why Judge and Moss should not be added to this case, the Court **RECOMMENDS** that Plaintiff be given leave to file a Third Amended Complaint adding Judge and Moss as defendants.

**IV. CONCLUSION**

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) adopting this Report and Recommendation; (2) **GRANTING** Plaintiff's Motions to Join Parties (ECF Nos. 58, 77); and (3) allowing Plaintiff to file a Third Amended Complaint adding Botkin, Judge, and Moss as defendants with Burnett.

**IT IS ORDERED** that no later than **September 18, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 2, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: September 1, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge