UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANTHONY LYNCH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KEVIN BURNETT, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-01677-DMS (JLB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO SERVE FED. R. CIV. P. 45 SUBPOENAS**<br><br>**[ECF No. 73]** |

On or about July 22, 2020, Plaintiff, who is proceeding *pro se* and *in forma pauperis* in this matter, submitted along with other filings a request that the Court direct the U.S. Marshals Service to serve trial subpoenas. (ECF No. 73 at 8.) Plaintiff attaches fifteen (15) state court Civil Subpoenas for Personal Appearance at Trial or Hearing to her request, claiming that the named individuals are witnesses who "can and will testify to the injuries that Plaintiff sustained on August 8, 2017." (*Id.* at 8–38.) The subpoenas request the witnesses' attendance on March 22, 2021, at 9:00 AM, the date trial in this case is currently scheduled to commence before the Honorable Dana M. Sabraw. (*Id.*; *see also* ECF No. 65 at 5.) Defendant filed an opposition to Plaintiff's request. (ECF No. 76.) For the reasons set forth below, Plaintiff's request is **DENIED**.

## I. LEGAL STANDARD

A subpoena may command a nonparty to "attend and testify" at a deposition, hearing, or trial. Fed. R. Civ. P. 45(a). Because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Alexander v. Cal. Dep't. of Corr.*, 2:08–CV–2773, 2010 WL 5114931, at *3 (E.D. Cal. Dec. 9, 2010) (internal quotation marks omitted) (citing *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d)); *see also* Fed. R. Civ. P. 45(b). Limitations include the burden and expense to the non-party in responding to the subpoena. Fed. R. Civ. P. 45(d)(1). "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena . . . ." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of th[e] Court's vigilance." *Id.*; *see also Alexander*, 2010 WL 5114931, at *3.

Pursuant to Rule 45, subpoenas requiring a person's attendance require that the party compelling the attendance tender fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. P. 45(b)(1). The *in forma pauperis* statute does not waive payment of these fees or expenses for witnesses. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citing *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989); 28 U.S.C. § 1915); *see also Garcia v. Grimm*, No. 06-cv-225 WQH (PCL), 2012 WL 216565, at *4 (S.D. Cal. Jan. 23, 2012). Thus, a plaintiff is required to tender witness and mileage fees for each of her witnesses. *See CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983) ("Rule 45(c) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena.").

## II. DISCUSSION & CONCLUSION

Rule 45 provides that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing

court." Fed. R. Civ. P. 45(a)(3).  Plaintiff's subpoenas are signed by "Paul Anthony Lynch." (ECF No. 73 at 9–38.) Although Plaintiff is proceeding *pro se*, she is not admitted to practice law and is not an officer of the Court authorized to sign and issue a valid subpoena.  The proposed subpoenas were therefore never properly issued.  *See* Fed. R. Civ. P. 45(a)(3); *see also Cramer v. Target Corp.*, No. 1:08-CV-1693-OWW-SKO, 2010 WL 1791148, at *1 (E.D. Cal. May 4, 2010) (noting that a *pro se* plaintiff was "not an officer of the Court authorized to sign and issue a subpoena pursuant to Fed. R. Civ. P. 45(a)(3)"); *Gonzales v. Alameida*, No. CV F 06 1417 OWW WMW P, 2008 WL 161996, at *1 (E.D. Cal. Jan. 16, 2008) ("[A] party appearing in pro per can not issue a subpoena."); *Jackson v. Woodford*, No. 05-cv-513 L(NLS), 2007 WL 2023551, at *1, 3 (S.D. Cal. July 11, 2007) (finding that subpoenas were not properly issued, where the clerk of court sent the subpoena forms to a pro se plaintiff, but did not sign and issue the subpoenas).

As the subpoenas submitted were not properly issued, Plaintiff's request for service is **DENIED**.  However, as trial approaches, Plaintiff may file a motion asking the Court:

(1) to issue Plaintiff federal subpoenas to appear and testify at a hearing or trial in a civil action for the witnesses she establishes are relevant and necessary to her case;

(2) to send Plaintiff U.S. Marshal Forms 285; and

(3) to direct the U.S. Marshal to serve the subpoenas.

The Court will evaluate requests for subpoenas and, if appropriate, order the U.S. Marshal to serve the subpoenas <u>only if</u> Plaintiff complies with the foregoing, properly completes the subpoenas and U.S. Marshal forms, and tenders the required witness and mileage fees for each witness.

**IT IS SO ORDERED.**

Dated:  September 14, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge